UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD O'RORKE ET AL                               CIVIL ACTION

VERSUS                                             NO. 07-7947

STATE FARM FIRE INSURANCE                          SECTION: "C" (5)
COMPANY

## ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their homeowner's policy. The defendant removed based on diversity.

This Court ordered the parties to submit memoranda regarding whether there was at least $75,000 in controversy on the date of removal and the amount of money, if any, that the plaintiffs received under their flood insurance policy for damage to the same property. Rec. Doc. 7. In the petition, the plaintiffs claim that their property was rendered a "total loss" and demand the remaining policy limits, invoking Louisiana's Valued Policy Law, La. Rev. Stat. §22:695 ("VPL"). Petition, ¶¶ XXXVIII - XXXIX. In its memorandum on the jurisdictional

1

amount, the defendant acknowledges that the policy limits remaining after payments already tendered are deducted are $79,578.68, for VPL policy purposes.  *See*  Rec. Doc. 10.  In the plaintiffs' memorandum, they admit receiving $98,600 in flood insurance payments for their building claim and $1,625 for contents damage.  *See* Rec. Doc. 11.

The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).  The jurisdictional facts

supporting removal are examined as of the time of removal.  *See Gebbia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000).

This Court has ruled that flood insurance recovery must be offset against any homeowners recovery under the VPL for present purposes.  *Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.).[1]  The amount remaining under the homeowner's policy, assuming it represents an accurate value of the insured property and that the property was a total loss, is less than the minimum amount in controversy required for diversity jurisdiction at the time of removal.  Though the plaintiffs also assert claims for attorneys' fees and penalties under various Louisiana statutes, the amount that she might recover under such laws is entirely speculative.  The defendant does not point to, nor can the Court find, anything that would suggest otherwise.  Although the issue is a close one, it is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied.

The Court finds that the allegations of the petition alone do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum because the remaining coverage is necessarily affected by any flood insurance payments.  The Court finds that the defendant has failed to meet its burden of proof under these circumstances.

---

[1] In finding that the flood payment offset must be taken into account in determining whether the jurisdictional amount existed at the time of removal, this Court joins Judges Vance and Judge Zainey in recognizing the necessity of offset to avoid double recovery and to promote the policy behind the Valued Policy Law.  *Esposito v. Allstate Insurance Co.*, Civ. Act. No. 06-1837 "A" (Ap. 13, 2007);  *Weiss v. Allstate Insurance Co.*, 3007 WL 892869;  *Caruso v. Allstate Insurance Co.*, 2007 WL 625830 (E.D.La.);  *Chauvin v. State Farm Fire & Casualty Co.*, 450 F.Supp.2d 660 (E.D.La. 2006).

The Court is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,  IT IS ORDERED that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 24th day of March, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE